UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEVE SANTIAGO,

              Plaintiff,

  - against -

THE CITY OF NEW YORK, *et al.*,

              Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

11-cv-5765 (SLT) (VVP)

**TOWNES, United States District Judge:**

On November 23, 2011, Plaintiff Steve Santiago ("Plaintiff") filed the instant action alleging, *inter alia*, race discrimination under 42 U.S.C. § 1981 and § 1983. Shortly after the initial conference in March of 2012, Plaintiff's counsel moved to withdraw from further representation of Plaintiff, and Magistrate Judge Viktor Pohorelsky scheduled a hearing on the motion. Plaintiff was served with notice of the hearing, told he must appear in person, and warned that if he failed to appear "the court [would] conclude that [Plaintiff] ha[d] abandoned his claims and they [would] be dismissed." [D.E. 15, 16.] Plaintiff, nonetheless, failed to appear. Further, Plaintiff's counsel informed the court that he had not spoken to his client for more than a month and a half prior to the hearing date, when he advised Plaintiff that he planned to withdraw as Plaintiff's attorney. Plaintiff did not object and Plaintiff's counsel had not heard from Plaintiff since then.

Judge Pohorelsky issued his Report and Recommendation ("R&R") on May 17, 2012, recommending that this case be dismissed because Plaintiff had abandoned his claims. The R&R advised that any objections needed to be filed "within 14 days of receipt of the report." (R&R at 2.) Judge Pohorelsky directed Plaintiff's counsel to serve the R&R on Plaintiff via first-class mail and first-class, certified mail, which he did. (*Id.*; D.E. 19.) Plaintiff's counsel also served a



copy of the R&R via email. [D.E. 19.] Plaintiff has not signed for the documents sent via certified mail, nor provided the Court with an affirmative indication that he has received the items. (*See id.*) However, since Plaintiff has apparently abandoned his claims and, consequently, this Court cannot expect to obtain affirmative proof of "receipt," the Court considers the R&R received by Plaintiff as long as Plaintiff was properly served. Plaintiff was served pursuant to Rule 5(b)(2)(C) under which "service is complete upon mailing" when the item is mailed "to the person's last known address." Fed. R. Civ. Pro. 5(b)(2)(C). Further, parties have an affirmative duty to provide the Court with their correct address. In accordance with these rules, the R&R was properly served on Plaintiff on May 24, 2012 at his last known address. Additionally, under Fed. R. Civ. Pro. 6(d), "[w]hen a party may or must act within a specified time after service and service is made under [Fed. R. Civ. Pro.] Rule 5(b)(2)(C)…3 days are added" after the specified time period. Plaintiff, therefore, was allowed 3 additional days beyond the original 14 to respond.

More than 17 days have passed since service of the R&R via first class mail and, to date, there are no objections to the R&R. A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). The Court therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Judge Pohorelsky's Report and Recommendation dated May 17, 2012 [D.E. 18] is adopted in its entirety.

**SO ORDERED.**

/S/ SANDRA L. TOWNES
United States District Judge

Dated: June 18, 2012
Brooklyn, New York